IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CARLA J. KUNTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 16-cv-3307 |
| | ) |
| CAMELOT CARE | ) |
| CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Camelot Care Centers, Inc.'s (Camelot) Motion to Dismiss Plaintiff's Complaint (d/e 12) (Motion). For the reasons set forth below, the Court recommends that the Motion should be DENIED in part. Camelot's request for dismissal should be denied, but the Court should sanction Plaintiff Carla Kuntz and her counsel for failure to comply with the Scheduling Order (d/e 11) and for failure to cooperate in the discovery process in this case.

BACKGROUND

On November 22, 2016, Kuntz filed this action against Camelot alleging that she was fired because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. Complaint (d/e 1). Camelot filed its Answer March 6, 2017. Answer to Plaintiff's Complaint and Jury Demand on Behalf of Defendant Camelot Care Centers, Inc. (d/e 6). This Court ordered the parties to make initial disclosures by May 1, 2017. Scheduling Order (d/e 11), at 1. On April 10, 2017, Camelot served Kuntz with its First Request for Production of Documents and First Set of Interrogatories. Motion, Exhibits B, First Request for Production of Documents to Plaintiff on Behalf of Defendant Camelot Care Centers, Inc. (First Request for Production of Documents), and Exhibit C, First Set of Interrogatories to Plaintiff on Behalf of Defendant Camelot Care Centers, Inc. (First Set of Interrogatories).

On April 12, 2017, one of Camelot's attorneys, Noel Lesica, telephoned Kuntz' counsel John Baker to schedule Kuntz' deposition. Lesica spoke to Baker's assistant. Baker's assistant told Lesica to contact Baker directly by email with possible dates. On April 20, 2017, Lesica sent Baker an email suggesting possible dates for Kuntz' deposition. Motion, Exhibit E, Email from Lesica to Baker sent April 20, 2017 at 11:59 am.

Baker did not respond.  Lesica sent another email on April 25, 2017. Motion, Exhibit F, Email from Lesica to Baker sent April 25, 2017 at 3:16 pm.  Baker did not respond.

On May 1, 2017, Camelot served Kuntz with its initial disclosures. Motion, Exhibit D, Defendant's Initial Disclosures.  Kuntz did not serve her initial disclosures in violation of this Court's Scheduling Order.

On May 4, 2017, Lesica sent another email to Baker requesting a response regarding Kuntz' deposition.  Lesica also stated that Kuntz' initial disclosures were overdue.  Motion, Exhibit G, Email from Lesica to Baker sent May 4, 2017 at 5:20 pm.

On May 9, 2017, Lesica sent another email to Baker.  The email stated, in part,

> John-
>
> We have been trying to reach you since April 20th to schedule a date for plaintiff's deposition, but have still received no response. (See three emails attached).
>
> In addition, plaintiff's Initial Disclosures were due by Court Order on May 1st, over a week ago, and we still have not received them.  By email dated May 4th (also attached), I asked you about this but have also received no response.
>
> In short, each of our attempts to meet and confer about discovery has gone unanswered.  As a result, if we do not receive plaintiff's Initial Disclosures by close of business tomorrow, and hear back from you by that same time with regard to the scheduling of plaintiff's deposition, you give us no

choice but to resort to motion practice.  To avoid disturbing the Court over such routine discovery issues, please provide your timely response.

Motion, Exhibit H, Email from Lesica to Baker sent May 9, 2017 at 2:15 pm.

On May 15, 2017, Lesica telephoned Baker's office and spoke with Baker's assistant.  Lesica asked to speak with Baker.  Baker's assistant took Lesica's name and telephone number.  Baker did not call her back.

On May 24, 2017, Camelot filed the Motion.  As of that date, Baker had not responded to any of Lesica's communications, Kuntz had not made her initial disclosures, and Kuntz had not responded to Camelot's First Request for Production of Documents and First Set of Interrogatories. Camelot asks for dismissal of the case for Kuntz' violation of the Scheduling Order and her counsel's failure to cooperate in discovery.

## ANALYSIS

This Court may dismiss a case for a party's failure to make her initial disclosures in violation of the Scheduling Order.  Fed. R. Civ. P. 37(c)(1)(A)(C) and 37(b)(2)(A)(v).  Dismissal, however, is a drastic sanction that "should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing."  Dotson v. Bravo, 321 F.3d 663, 667 (7th Cir. 2003).  The circumstances here do not merit such a drastic sanction.  As of the date of

the Motion, Kuntz' initial disclosures were less than one month late and her responses to Camelot's written discovery was less than three weeks late. Furthermore, the case had been on file for less than six months when Camelot filed the Motion.

The Court, however, recommends that the Court impose some sanction on Kuntz and her counsel for failure to cooperate in discovery and failure to comply with the Scheduling Order.  Kuntz sought no extensions of time to complete her written discovery obligations.  She has offered no explanation for her failure to provide her initial disclosures and her failure to respond to Camelot's written discovery.  Kuntz' counsel has offered no explanation for his failure to respond to Camelot's request to schedule Kuntz' deposition.  Kuntz brought this case.  She is obligated to follow the Scheduling Order and to cooperate in discovery.  She and her counsel have failed to cooperate and failed to comply with the Discovery Order. Some sanction, therefore, is appropriate.

This Court recommends that the Court find that Kuntz has waived all objections to Camelot's First Request for Production of Documents and First Set of Interrogatories.  This Court recommends ordering Kuntz to provide her initial disclosures by November 15, 2017, and complete responses to Camelot's First Request for Production of Documents and

First Set of Interrogatories by November 15, 2017. This Court recommends ordering Camelot to provide the Court and Kuntz by November 15, 2017, three dates between November 21, 2017 and December 15, 2017, for the taking of Kuntz' deposition. This Court recommends ordering Kuntz to select one of those three dates and to notify the Court and Camelot's counsel of her selection by November 17, 2017. This Court recommends ordering Kuntz' deposition to take place in this District on that date.

Finally, this Court recommends ordering Kuntz and her counsel to pay Camelot's reasonable expenses, including attorney's fees, for filing this motion pursuant to Fed. R. Civ. P. 37(c)(1)(A). Kuntz offered no excuse for her failure to comply with the Scheduling Order and provide initial disclosures and her failure to respond to Camelot's written discovery. Kuntz' counsel offered no explanation for his failure to respond to four emails and at least one phone call. Kuntz and her counsel effectively put Camelot in the position of having to file some kind of motion to get any cooperation in discovery. Kuntz even states in her response that Camelot should have filed a motion to compel discovery rather than a motion to dismiss.

> Rather than simply filing a motion to compel Kuntz to submit her discovery responses, which were at the time a little more

> than two weeks late, Camelot has instead filed a motion to dismiss Kuntz's complaint alleging that her discovery failures have compromised its "ability to effectively defend this case."

<u>Response to Motion to Dismiss (d/e 13)</u>, at 1.  Camelot should not have needed to file any motion at this point.  Kuntz' counsel should have responded to one of Lesica's four emails or returned her phone call.  Some sanction is reasonable and necessary for Kuntz and her counsel's failures to comply with the Scheduling Order and to cooperate in discovery in this case.

THERFORE, THIS COURT RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's Complaint (d/e 12) should be denied in part.  Defendant Camelot Care Centers, Inc.'s request for dismissal should be denied, but Plaintiff Carla J. Kuntz and her counsel should be sanctioned for their failure to comply with the Scheduling Order and their failure to cooperate in the discovery process.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  <u>See</u> <u>Video</u>

Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   October 26, 2017

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE
