E-FILED
Monday, 04 December, 2017 12:34:13 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLA J. KUNTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3307 |
| | ) | |
| CAMELOT CARE CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 15). Judge Schanzle-Haskins recommends that this Court DENY IN PART Defendant Camelot Care Centers, Inc.'s Motion to Dismiss Plaintiff's Complaint but sanction Plaintiff Carla Kuntz and her counsel for failure to comply with the Scheduling Order and failure to comply with the discovery process in this case. On November 9, 2017, Plaintiff filed her Objection to the Report and Recommendation. On November 24, 2017, Defendant filed a response.

Upon careful review of the record and the pleadings, the Court ADOPTS the Report and Recommendation with minor adjustments to the timing for producing documents and scheduling Plaintiff's deposition and ordering Plaintiff's attorney to pay Defendant's reasonable expenses, including attorney's fees, as a sanction, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to." Although this Court does not need to conduct a new hearing on the entire matter, the Court must give "fresh consideration to those issues to which specific objections have been made." 12 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 3070.2 (2d ed. 1997); Wasserman v. Purdue Univ. ex rel. Jischke, 431 F. Supp. 2d 911, 914 (N.D. Ind. 2006).

If no objection is made, or if only a partial objection is made, the Court reviews the unobjected to portions for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). This Court may "accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

## II. BACKGROUND

The Magistrate Judge accurately set forth the background of this case, and neither party objects to the Magistrate Judge's factual findings. In sum, Plaintiff failed to serve her initial disclosures in violation of the Court's Scheduling Order, failed to respond to Defendant's First Request for Production of Documents and First Set of Interrogatories, and failed to cooperate with scheduling Plaintiff's deposition. Defendant filed a Motion seeking dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a).

On October 26, 2017, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge recommends that this Court deny the Motion in part but sanction Plaintiff and her attorney for failure to comply with the Scheduling Order and failure to cooperate in the discovery process. The Magistrate Judge noted that dismissal was a drastic sanction and that the circumstances did not warrant such a drastic sanction. Instead, the Magistrate

Judge recommended the following sanctions: that this Court (1) find that Plaintiff has waived all objections to Defendant's First Request for Production of Documents and First Set of Interrogatories; (2) order Plaintiff to produce, by November 15, 2017, her initial disclosures and complete responses to Defendant's First Request for Production of Documents and First Set of Interrogatories; (3) order Defendant to, by November 15, 2017, provide to the Court and Plaintiff three dates between November 21, 2017 and December 15, 2017 for the taking of Plaintiff's deposition; order Plaintiff to select one of those three dates and to notify the Court and Defendant's counsel of her selection by November 17, 2017; and order Plaintiff's deposition to take place in this District on that date; (4) order, pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), that Plaintiff and her counsel to pay Defendant's reasonable expenses, including attorney's fees, for the filing of the Motion to Dismiss.

On November 9, 2017, Plaintiff filed her objections to the Report and Recommendation.

### III. ANALYSIS

Plaintiff does not object to the recommendation that she be ordered to provide her discovery responses and initial disclosures

by November 15, 2017. Plaintiff does object, however to (1) the mechanism the Magistrate Judge recommended for setting Plaintiff's deposition and (2) the recommendation that attorney's fees should be assessed under Federal Rule of Civil Procedure 37(c)(1)(A).

### A. The Court Will Modify the Deposition Schedule as Requested by Defendant

Plaintiff first asserts that the time parameters recommended by the Magistrate Judge are too aggressive. Plaintiff requests that the Court give the parties a short window of time to see whether they can agree to a date, including a date after December 15, 2017, for Plaintiff's deposition.

Defendant responds that the Scheduling Order establishes December 15, 2017 as the deadline for depositions, which is why the Magistrate Judge used that date as the deadline. Defendant asserts, however, that as of November 24, 2017, Plaintiff has still failed to provide a single document to Defendant or furnish a written response to Defendant's document requests. Def.'s Resp. at 5. Defendant, therefore, proposes that the deadline for completing Plaintiff's deposition be extended, contingent upon Plaintiff

providing Defendant with fully complete document responses, including the actual documents, and allow Defendant adequate time to review the material that it receives. Id. Alternatively, Defendant asks that the Court reconsider dismissing Plaintiff's Complaint with prejudice for "her continued contumacious conduct." Id.

The Court is greatly concerned that Plaintiff has, according to Defendant, still failed to produce a single document to Defendant or furnish a written response to Defendant's document request. The Court will, however, grant Defendant's request that the deadline for completing Plaintiff's deposition be extended.

The Court extends the deadline to complete Plaintiff's deposition to January 31, 2018. Plaintiff shall provide complete document responses, including the actual documents, to Defendant on or before December 8, 2017. Defendant shall advise the Court, by December 15, 2017, whether the production is complete. If production is complete, Defendant shall, by December 22, 2017, provide the Court and Plaintiff with three dates between January 2, 2018 and January 31, 2018 for taking Plaintiff's deposition. Plaintiff shall select one of those three dates and notify the Court

and Defendant's counsel of her selection by December 29, 2017. The deposition shall take place in this District on the date selected. Plaintiff is advised that any additional failure to comply with the Scheduling Order or failure to cooperate in the discovery process in this case could result in dismissal of the case with prejudice.

**B.     The Award of Attorney's Fees is Amended To Reflect Rule 37(b)(2)(C) as the Basis of the Award**

Plaintiff also objects to the award of attorney's fees. Plaintiff asserts that Rule 37(c), the basis for the Magistrate Judge's recommendation, does not justify an award of attorney's fees because Defendant moved to dismiss Plaintiff's Complaint pursuant to Rule 37(b)(2)(A)(v) rather than to compel discovery under Rule 37(a)(1). Plaintiff asserts that if an award of attorney's fees is appropriate, it should be made under Rule 37(b), not to Rule 37(c). Pl.'s Obj. at 4. Plaintiff also argues that, in light of the other sanctions imposed and the circumstances of this case, the award of attorney's fees is not appropriate.

Plaintiff's argument is not entirely clear. Under Federal Rule of Civil Procedure 37(b)(2)(C), the Court must order "the disobedient party, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). Here, Plaintiff's attorney, as the attorney advising Plaintiff, failed to comply with the Court's Scheduling Order by failing to timely provide Plaintiff's initial disclosures to Defendant. Plaintiff has not pointed to any evidence that would show that counsel's failure to comply was substantially justified or that an award is unjust. Therefore, the Court orders, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), that Plaintiff's attorney pay Defendant's reasonable expenses, including attorney's fees, for filing the Motion to Dismiss.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Objection to the Report and Recommendation (d/e 16) is DENIED.

(2) The Report and Recommendation (d/e 15) is ADOPTED AS MODIFIED:

(a) The Court extends the deadline to complete Plaintiff's deposition to January 31, 2018. Plaintiff shall provide complete document responses, including the actual documents, to Defendant

on or before December 8, 2017. Defendant shall advise the Court, by December 15, 2017, whether the production is complete. If production is complete, Defendant shall, by December 22, 2017, provide the Court and Plaintiff with three dates between January 2, 2018 and January 31, 2018 for the taking of Plaintiff's deposition. Plaintiff shall select one of those three dates and notify the Court and Defendant's counsel of her selection by December 29, 2017. The deposition shall take place in this District on the date selected.

(b) Plaintiff's counsel is ordered to pay Defendant's reasonable expenses, including attorney's fees, for Defendant's filing of the Motion to Dismiss. This sanction is imposed against Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). Defendant shall file its motion for reasonable expenses, including attorney's fees, with supporting documentation on or before December 14, 2017. The request may include fees and costs incurred in responding to Plaintiff's Objection to the Report and Recommendation.

(3) Defendant's Motion to Dismiss (d/e 12) is DENIED IN PART.

ENTER: December 1, 2017

FOR THE COURT:

                              <u>s/ Sue E. Myerscough</u>
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE